UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL LIPKIN and JOSHUA SHAINBERG,

                              Plaintiffs,

        -against-                                            06 Civ. 0939 (RJH)

                                                        **<u>MEMORANDUM OPINION</u>**
                                                        **<u>AND ORDER</u>**
UNITED STATES SECURITIES AND
EXCHANGE COMMISSION, JACK
KAUFMAN, ESQ., and BOHDAN S. OZARUK,
ESQ.,

                              Defendants.

In this action, pro se plaintiffs Michael Lipkin and Joshua Shainberg allege that,

during a civil enforcement action brought against them in the United States District Court

for the Eastern District of New York by the Securities and Exchange Commission

("SEC") in 1999, SEC attorneys Jack Kaufman and Bohdan S. Ozaruk defamed Lipkin

and Shainberg, lied to the court, and concealed exculpatory evidence.  The enforcement

action culminated in a jury verdict against Lipkin and Shainberg, and the court issued a

final judgment that included disgorgement, prejudgment interest, and civil penalties.  *See*

*SEC v. Lipkin*, No. 99 Civ. 7357 (VVP), 2006 U.S. Dist. LEXIS 10496, 2006 WL

435035, at *1 (E.D.N.Y. Jan. 9, 2006).  That judgment is currently the subject of an

appeal.  *See SEC v. Shainberg*, No. 06-0384 (2d Cir. filed Jan. 25, 2006).  Shortly

thereafter, plaintiffs filed the instant action against the SEC, Kaufman, and Ozaruk,

seeking compensatory, exemplary, and punitive damages and various types of injunctive relief.

Defendants move to dismiss the Complaint for lack of subject matter jurisdiction [8]. In a Report and Recommendation ("Report") dated November 9, 2006, Magistrate Judge Gabriel W. Gorenstein recommended that the Court grant defendants' motion and dismiss the Complaint with prejudice. For the reasons stated below, the Court adopts Judge Gorenstein's Report in its entirety and rejects plaintiffs' objections. The facts underlying the instant action are discussed in greater detail in the Report, familiarity with which is assumed, and which is attached to this opinion for ease of reference.

## DISCUSSION

On a potentially dispositive motion, the district court must review de novo those portions of the report to which objection is made. *See* 28 U.S.C. § 636(b)(1)(C) (2006); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). However, "[i]f no objections are filed, or where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition, reviewing courts should review a report and recommendation for clear error." *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (internal quotation marks and citations omitted). Here, plaintiffs object to the Report's conclusion that they must file an administrative claim with the SEC before seeking monetary damages under the Federal Tort Claims Act ("FTCA"). Plaintiffs object to the Report's conclusion that they were free to challenge any claimed misconduct by making an application to the trial court or raising the issue on appeal, and thus they now are barred

from bringing a *Bivens* claim for monetary damages.  The Court reviews de novo these portions of the Report.

**1.      FTCA Claim**

The Report concludes that where, as here, tort claims are asserted against federal employees acting within the scope of their employment, the United States should be substituted as the proper defendant under the Federal Tort Claims Act.  *See* 28 U.S.C. § 2679(d)(1) ("Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment[,] . . . any civil action . . . shall be deemed an action against the United States . . . and the United States shall be substituted as the party defendant.").  The Report further concludes that any claims brought under the FTCA are barred nonetheless because plaintiffs have failed to submit an administrative claim to the SEC.  *See* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency . . . .").  "Absent compliance with the statute's requirements the action is barred by sovereign immunity and the district court had no subject matter jurisdiction."  *Wyler v. United States*, 725 F.2d 156, 159 (2d Cir. 1983); *see Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 719 (2d Cir. 1998) (holding that the predicate claim filed with the federal agency must meet the "specific statutory requirements as to its form, content, and timing").  Although plaintiffs do not object to the Report's conclusion that they never filed an administrative claim with the SEC, they state:

> It is not the intention of the Plaintiffs to file a form with the SEC and have the [defendants'] supervisors investigate them.  In fact these individuals received a complaint but have decided to deny that fact.  How can such an investigation continue with this type of attitude and blatant mistruths?

(Objections 1.)  Plaintiffs appear to be asking the Court to recognize an exception to the exhaustion requirement because filing an administrative claim would be futile.  However, the Second Circuit has held in a similar context that "[u]ntil the Commission has acted and actual bias has been demonstrated, the orderly administrative procedures of the agency should not be interrupted by judicial intervention."  *Touche Ross & Co. v. SEC*, 609 F.2d 570, 575 (2d Cir. 1979) (affirming district court's dismissal of an action for injunctive relief from an ongoing SEC administrative proceeding where plaintiff alleged agency bias but had not exhausted administrative remedies).  Plaintiffs cite no precedent, and this Court is aware of none, in which a district court has permitted a plaintiff to proceed with an FTCA claim without exhausting administrative remedies.

However, even if this Court were to find that plaintiffs' failure to file an administrative claim with the SEC should be excused because of agency bias, the Court adopts the Report's conclusion that plaintiffs' fraud, perjury, interference with contract, slander, "conspiracy for libel," spoliation, and concealment of evidence claims all fall outside the limited waiver of sovereign immunity provided by the FTCA.  *See* 28 U.S.C. § 2680(h).  Accordingly, plaintiffs' FTCA claims must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

**2.**      ***Bivens* Claim**

The Complaint also can be construed as an action for monetary damages against defendants Kaufman and Ozaruk in their individual capacities.  To the extent that this

action is based on claims that sound in common-law tort, the FTCA provides federal employees with absolute immunity.  *See Rivera v. United States*, 928 F.2d 592, 608 (2d Cir. 1991) (affirming dismissal of common-law tort claims on the ground that the FTCA gave federal law enforcement agents absolute immunity from a suit for damages because the agents were acting within the scope of their employment); *see also* 28 U.S.C. § 2679(b)(1).  However, the FTCA does not apply to suits for violations of federal constitutional rights.  *See* 28 U.S.C. § 2679(b)(2).  Thus, for plaintiffs' claims against Kaufman and Ozaruk to survive a motion to dismiss, plaintiffs must allege a constitutional wrong under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

As Judge Gorenstein observed, the Complaint may be liberally construed to allege that the individual defendants intentionally, or at least negligently, engaged in misconduct during the enforcement action that resulted in a deprivation of plaintiffs' property interests (disgorgement, interest, and penalties).  However, the Second Circuit has held that "the negligent or intentional deprivation of property through the random and unauthorized acts of a state or federal employee does not constitute a deprivation of due process if 'a meaningful postdeprivation remedy for the loss is available.'"  *Stuto v. Fleishman*, 164 F.3d 820, 825 (2d Cir. 1999) (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)) (holding that plaintiff, who alleged that federal employees had violated his constitutional due process rights by mishandling and terminating a claim for disability benefits, could not assert a *Bivens* claim for denial of constitutional due process where an array of post-deprivation remedies were available).

Here, plaintiffs had several remedies for defendants' alleged misconduct available to them. Plaintiffs could have addressed any improper conduct during the trial in an application to the trial judge, or they could have moved for a mistrial based on defendants' alleged misconduct. *Cf. SEC v. Prater*, 296 F. Supp. 2d 210, 218 n.3 (D. Conn. 2003) ("If Defendants believe that the SEC is engaging in improper conduct in connection with this action, they can assert that claim, but must do so by submitting evidence to that effect, not just rhetoric, and requesting appropriate relief."). After trial, plaintiffs could have moved the district court for a new trial pursuant to Federal Rule of Civil Procedure 59. *See Loral Fairchild Corp. v. Victor Co. of Japan, Ltd.*, 208 F. Supp. 2d 344, 359 (S.D.N.Y. 2002) (holding that "a court should grant a Rule 59 motion for a new trial if it determines that prejudicial error occurred or that 'the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.'" (quoting *Santa Maria v. Metro-North Commuter R.R.*, 81 F.3d 265, 273 (2d Cir. 1996))). Alternatively, plaintiffs could have applied to the district court for relief from judgment under Federal Rule of Civil Procedure 60(b), and they were free to raise their claims on appeal.[1] The fact that plaintiffs might not have been able to recover under these remedies the full monetary relief that they might have received in a *Bivens*-type action is not determinative of the adequacy of the post-deprivation remedies. *Stuto*, 164 F.3d at 825. Accordingly, the Court finds that plaintiffs have already been given a full panoply of due process protections to redress any mistakes

---

[1] Plaintiffs' appeal in the SEC enforcement action is still pending, but, at least in the briefs filed to date, plaintiffs have not raised on appeal any of the claims described in this lawsuit. *See* Brief for Defendant-Appellant at 1, and Brief of Appellee Michael V. Lipkin at 1, *SEC v. Shainberg*, No. 06-0384 (2d Cir. filed Jan. 25, 2006).

that may have occurred during the SEC enforcement action. To the extent that the

allegations in the Complaint can be interpreted as a *Bivens* claim against the individual

defendants for monetary damages, the claim must be dismissed pursuant to Rule 12(b)(6)

of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can

be granted.

## **CONCLUSION**

For the reasons stated above, the Court adopts the Report, attached for ease of

reference, and grants defendants' motion to dismiss [8]. The Clerk of the Court is

directed to close the case.

SO ORDERED.

Dated: New York, New York
December 22, 2006

Richard J. Holwell
United States District Judge

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MICHAEL LIPKIN and JOSHUA SHAINBERG,   :

                Plaintiffs,            :       06 Civ. 0939 (RJH) (GWG)

   -v.-                            :       REPORT AND
                                           RECOMMENDATION
UNITED STATES SECURITIES AND      :
EXCHANGE COMMISSION, JACK KAUFMAN,
ESQ., and BOHDAN S. OZARUK, ESQ.     :
             Defendants.
-----------------------------------------------------------------X

## GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

The plaintiffs in this action, Michael Lipkin and Joshua Shainberg, were previously

defendants in a civil action brought in 1999 by the Securities and Exchange Commission

("SEC") in the Eastern District of New York. After judgment was entered against them in that

case, Lipkin and Shainberg brought the instant suit against the SEC and two SEC lawyers, Jack

Kaufman and Bohdan S. Ozaruk (collectively, "the Government" or "the defendants"). The

defendants now move to dismiss. For the reasons set forth below, this motion should be granted.

I. FACTS

    A. Background

In 1999, the SEC brought a civil action against Lipkin and Shainberg, as well as fifteen

others, in the Eastern District of New York. See SEC v. Curtis et al., No. 99-cv-7357 (E.D.N.Y.

filed Nov. 10, 1999). At some point during that action, Kaufman and Ozaruk represented the

SEC. See Memorandum of Law in Support of Defendants' Motion to Dismiss the Complaint,

filed July 10, 2006 (Docket #9) ("Def. Mem."), at 1. The action culminated in a jury verdict

against Lipkin and Shainberg and a final judgment that included disgorgement, interest and

penalties. See SEC v. Lipkin, 2006 WL 435035, at *4 (E.D.N.Y. Jan. 9, 2006); Final Judgment

as to Defendants Michael Lipkin and Joshua Shainberg, No. 99-cv-7357 (E.D.N.Y. filed Mar. 9, 2006) (docket #239). That judgment is currently the subject of an appeal. See Notice of Appeal, No. 99-cv-7357 (E.D.N.Y. filed Jan. 23, 2006) (docket #231); Notice of Appeal, No. 99-cv-7357 (E.D.N.Y. filed Mar. 10, 2006) (docket #240); see also Declaration of Pierre G. Armand, filed Aug. 30, 2006 (Docket #13) ("Armand Dec."), Ex. A.

Following the civil trial, the SEC instituted an administrative proceeding against Lipkin and Shainberg. See In re Lipkin, Exchange Act Release No. ID-317, 2006 WL 2422652 (Aug. 21, 2006). As a result of that proceeding, Lipkin and Shainberg were barred "from association with any broker or dealer." 2006 WL 2422652, at *1; Exchange Act Release No. 54,460, 2006 WL 2668516 (Sept. 15, 2006).

### B. The Complaint

In their pro se complaint, Lipkin and Shainberg assert claims against the SEC, Kaufman and Ozaruk – all of which relate in some way to the investigation by the SEC or the proceedings brought against them. They demand compensatory, exemplary and punitive damages, as well as various forms of injunctive relief. See Plaintiffs' Complaint, filed Feb. 7, 2006 (Docket #1) ("Compl."), ¶ B.

The plaintiffs first assert a slander claim. Id. ¶ 7. They allege "that Defendant Jack Kaufman caused, assisted and slandered [Lipkin and Shainberg] by providing Ms. Rochelle Deleveaux, counsel to the Bank of Bahamas, documents and statements claiming that [Lipkin and Shainberg] were convicted of crimes directly relating to the violations alleged in" their civil trial. Id. Next, they allege that Deleveaux "consequently delivered a signed document to the law firm of E. Dawson Roberts repeating Mr. Kaufmans [sic] statements to this effect." Id. ¶ 8.

2

Plaintiffs allege that "Ms. Deleveaux thereby committed libel" and "Mr. Kaufman thereby committed slander and conspiracy for libel." Id. Plaintiffs appear to request that Kaufman be "prosecuted for perjury and subornation of perjury" for denying, during the plaintiffs' civil trial, these events relating to Deleveaux. Id. ¶ 9.

In their second claim for relief, plaintiffs allege that Kaufman "supplied substantial documents" to the law firm of E. Dawson Roberts without providing them to the plaintiffs. Id. ¶ 10. The plaintiffs allege that this "constitute[s] concealment of evidence." Id. Also, the plaintiffs appear to claim that Roberts's testimony was introduced at their trial; that he lied in this testimony; and that this also "constituted concealment of evidence." Response and Motion to Deny Defendant's [sic] Memorandum of Motion to Dismiss Complaint and Defendants [sic] Memorandum of Law, dated Aug. 10, 2006 ("Pl. Mem."), at 2.

In the third count, the plaintiffs claim that Ozaruk and Kaufman "destroyed or hid crucial evidence," including "a document . . . stating that all financial records of the E. Dawson Roberts, US bank account . . . were destroyed and cannot be produced . . . for use at the civil trial." Compl. ¶ 11. Apparently, these alleged destroyed documents would have "proved beyond a shadow of doubt that Bahamas bank records of 1995 and 1996 never existed." Pl. Mem. at 1.

In the fourth count, the plaintiffs assert that the defendants' "conduct constitutes both fraud and is wanton and malicious to the extreme detriment of Plaintiffs." Compl. ¶ 13.

Plaintiffs assert in their reply papers "that the individual defendants denied Plaintiffs [sic] ability to gain meaningful employment." Pl. Mem. at 3. They demand $977,659.81 in compensatory damages, $10 million in exemplary and punitive damages, costs and attorney fees. Compl. ¶¶ A.2-3. They also request that this Court order the defendants to produce all

3

documents allegedly concealed during their civil trial; to "[a]dmit to statements made to" Deleveaux; "[a]dmit to reasons for denying making those statements to Judge Pohorelsky" – apparently the alleged perjury; and to "[c]ease and [d]esist from continuing making false statements . . . ." Id. ¶¶ B.1.(a)-(d).

C. Procedural History

The complaint in this matter was filed on February 7, 2006. The defendants filed the papers supporting their motion to dismiss (Dockets ##7-11) on July 10-12, 2006. Plaintiffs submitted a response dated August 10, 2006 opposing the motion (Docket #15). Defendants filed a reply memorandum of law on August 30, 2006 (Docket #14).

## II. LAW GOVERNING MOTIONS TO DISMISS

In resolving a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiffs. See, e.g., Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); Freedom Holdings, Inc. v. Spitzer, 357 F.3d 205, 216 (2d Cir. 2004). A complaint need only include a short and plain statement of the claim, see Fed. R. Civ. P. 8(a)(2), and "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Nonetheless, its allegations must be "sufficient to establish liability." Amron v. Morgan Stanley Inv. Advisors, Inc., 464 F.3d 338, 344 (2d Cir. 2006). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In making this determination, complaints drafted by pro se plaintiffs are held "to less stringent standards than formal pleadings

4

drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and they "should be interpreted 'to raise the strongest arguments that they suggest.'" Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

For purposes of deciding a motion to dismiss, a court may consider not only the facts and allegations that are contained in the complaint, but also those contained "in any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits." Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004). In addition, a court may also consider in certain circumstances "public records," id., such as records filed in other courts.

Nonetheless, while courts are generally limited to examining the sufficiency of the pleadings on a motion to dismiss, "on a challeng[e] [to] the district court's subject matter jurisdiction, the court may resolve disputed jurisdictional fact issues by reference to evidence outside the pleadings." Filetech S.A. v. France Telecom S.A., 157 F.3d 922, 932 (2d Cir. 1998) (internal quotation marks and citation omitted); accord Bldg. & Constr. Trades Council v. Downtown Dev., Inc., 448 F.3d 138, 150 (2d Cir. 2006).

## III. DISCUSSION

The Government argues that the complaint should be dismissed in its entirety principally on the ground of lack of subject matter jurisdiction. Def. Mem. at 6-10. We first consider the Government's motion with respect to Kaufman and Ozaruk, as sued in their official capacities, and the SEC. We next address whether the United States should be substituted as a party with respect to plaintiffs' tort claims. Finally, we consider the claims against Kaufman and Ozaruk to the extent they are being sued in their individual capacities.

5

## A. Defendants Sued in Their Official Capacities

### 1. Sovereign Immunity

The United States enjoys sovereign immunity from suit and thus cannot be sued without its consent. See, e.g., United States v. Navajo Nation, 537 U.S. 488, 502 (2003); Adeleke v. United States, 355 F.3d 144, 150 (2d Cir. 2004) ("It is, of course, 'axiomatic' under the principle of sovereign immunity 'that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.'") (quoting United States v. Mitchell, 463 U.S. 206, 212 (1983)). Claims asserted against agencies of the United States government or federal officers in their official capacities are considered to be asserted against the United States and are also barred under the doctrine of sovereign immunity. See, e.g., Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994) (citing FDIC v. Meyer, 510 U.S. 471, 484- 86 (1994)). Congress may waive the sovereign immunity of the United States, but may do so only through unequivocal statutory language. E.g., Lane v. Pena, 518 U.S. 187, 192 (1996) ("A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied.") (citations omitted). Congress may define the terms and conditions of such a waiver and "the terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." Meyer, 510 U.S. at 475 (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). Thus, if the United States has not waived its sovereign immunity, or if the conditions of such a waiver have not been met, the Court lacks subject matter jurisdiction over the claim. See, e.g., Meyer, 510 U.S. at 475; Williams v. United States, 947 F.2d 37, 39 (2d Cir. 1991), cert. denied, 504 U.S. 942 (1992).

6

### 2. Claims Against the SEC

a. Monetary Claims. The SEC, an agency of the United States, has not consented to be sued for money damages. See Sprecher v. Graber, 716 F.2d 968, 973 (2d Cir. 1983); Am. Benefits Group, Inc. v. Nat'l Assoc. of Sec. Dealers, 1999 WL 605246, at *4 (S.D.N.Y. Aug. 10, 1999) ("The claims against the SEC must be dismissed because they are barred by sovereign immunity."). Plaintiffs cite to no statute showing a waiver of sovereign immunity by the SEC. Instead, they cite to an assortment of cases that have the SEC listed as a defendant in the caption. See Pl. Mem. at 3. Obviously, the mere fact that a suit has been filed against the SEC does not show that Congress has enacted a waiver of its sovereign immunity.

One of the cases cited by plaintiffs appears to have been instituted pursuant to 15 U.S.C. § 80b-13. But this statute merely allows for judicial review of orders issued by the SEC. A statute expressly relied upon by plaintiffs, 15 U.S.C. § 78aa, see Pl. Mem. at 4, creates jurisdiction in federal courts over suits alleging violations of the securities laws. It does not constitute a waiver of sovereign immunity.

b. Non-Monetary Claims. In addition to the monetary claims, the plaintiffs also request that this Court order certain equitable relief against the SEC and its lawyers, Ozaruk and Kaufman. They ask this Court to order the defendants to produce all documents allegedly concealed during their civil trial; to "[a]dmit to statements made to" Deleveaux; to "[a]dmit to reasons for denying making those statements to Judge Pohorelsky" – apparently the alleged perjury; and to "[c]ease and [d]esist from continuing making false statements about Plaintiffs in any and all correspondence with any governmental agency, company or person." Compl. ¶¶ B.1.(a)-(d); see also Pl. Mem. at 3.

7

The Administrative Procedure Act ("APA") provides a limited waiver of sovereign immunity for suits seeking non-monetary relief against agencies and officers of the United States. See 5 U.S.C. § 702. While it is not clear that the acts of the defendants about which plaintiffs complain come within the APA definition of "agency action" under 5 U.S.C. § 551(13), it is not necessary to reach this point because the APA allows review only of "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. To the extent plaintiffs' requests for injunctive relief are not hopelessly vague, they relate directly to the SEC's conduct in prosecuting the civil trial against Lipkin and Shainberg in the Eastern District of New York. Because plaintiffs may address any improper conduct in that trial in the context of an application to the trial judge or an appeal, they have an "adequate remedy" that bars relief under the APA. See, e.g., Sprecher, 716 F.2d at 973 (APA not available to hear complaint about subpoena issued by SEC because separate statutory mechanism existed for judicial review of subpoenas); see also Wright v. United States, 902 F. Supp. 486, 488 (S.D.N.Y. 1995) (the APA "does not create jurisdiction where Congress has provided a specific mechanism for addressing a given claim"). [1]

## B. Tort Claims Against the Individual Defendants

The Federal Tort Claims Act ("FTCA") provides a limited waiver of sovereign immunity where suit is brought against the United States based upon torts committed by its officers. The FTCA provides that the remedy it creates

---

[1]Any assertion that jurisdiction over claims against the SEC lies under the mandamus statute, 28 U.S.C. § 1361, would also have to fail. As is true for the APA, the remedy of mandamus is permitted only where there is "no other adequate remedy available." Anderson v. Bowen, 881 F.2d 1, 5 (2d Cir. 1989).

8

> is exclusive of any other civil action or proceeding for money damages by reason
> of the same subject matter against the employee whose act or omission gave rise
> to the claim or against the estate of such employee. Any other civil action or
> proceeding for money damages arising out of or relating to the same subject
> matter against the employee . . . is precluded . . . .

28 U.S.C. § 2679(b)(1); see also Castro v. United States, 34 F.3d 106, 110 (2d Cir. 1994) ("a

claimant's exclusive remedy for nonconstitutional torts by a government employee acting within

the scope of his employment is a suit against the government under the FTCA."); accord Sereika

v. Patel, 411 F. Supp. 2d 397, 409 (S.D.N.Y. 2006); Dufort v. Burgos, 2005 WL 2660384, at *4

(E.D.N.Y. Oct. 18, 2005). A federal agency may not be sued under the FTCA. See 28 U.S.C.

§ 2679(a).

### 1.   Whether the United States Should Be Substituted for Kaufman and Ozaruk

Where an action is brought not against the United States but against an individual

employee, the FTCA provides a mechanism for substituting the United States as a party. Section

2679 provides: "Upon certification by the Attorney General that the defendant employee was

acting within the scope of his office or employment[,] . . . any civil action . . . shall be deemed an

action against the United States . . . and the United States shall be substituted as the party

defendant." 28 U.S.C. § 2679(d)(1). The Government has submitted a certification pursuant to

this statute in which it asserts that "defendants Jack Kaufman and Bohdan S. Ozaruck were

acting within the scope of their employment as employees of the United States of America at the

time of the incidents alleged in the Complaint." See Certification, dated May 31, 2006 (annexed

to Declaration of Kristin S. Mackert, filed July 10, 2006 ("Mackert Dec.") (Docket #10)).

The plaintiffs respond that they "take issue with the US Attorney [sic] claim that the

United States should be substituted for the defendants." Pl. Mem. at 3. To the extent that

9

plaintiffs are asserting that the certification was improper, that contention is rejected. While we construe plaintiffs' "allegations of tortious conduct . . . in the light most favorable to" them for purposes of examining the certification, McHugh v. Univ. of Vermont, 966 F.2d 67, 74 (2d Cir. 1992), the fact that the Government has made its certification means that the plaintiffs bear the burden of showing that the certification was improper. See, e.g., Griebsch v. Weaver, 2005 WL 2260374, at *3 (N.D.N.Y. Sept. 16, 2005). Plaintiffs have provided no evidence or reasoned argument demonstrating that Kaufman and Ozaruk were acting in any manner other than as attorneys for the SEC when they committed the wrongs alleged by plaintiffs.

To determine whether the defendants acted within their scope of employment, this Court must consider how the doctrine is applied under state law. See, e.g., McHugh, 966 F.2d at 75; Griebsch, 2005 WL 2260374 at *3. Because all of the relevant events took place in New York, we look to New York law. See, e.g., Jones v. United States, 408 F. Supp. 2d 107, 115 (E.D.N.Y. 2006); Kane v. United States, 189 F. Supp. 2d 40, 51 (S.D.N.Y. 2002). The New York Court of Appeals has set forth the following guidelines for determining whether allegedly tortious acts have been committed within the scope of employment:

[1] the connection between the time, place and occasion for the act; [2] the history of the relationship between employer and employee as spelled out in actual practice; [3] whether the act is one commonly done by such an employee; [4] the extent of departure from normal methods of performance; [5] and whether the specific act was one that the employer could reasonably have anticipated.

Riviello v. Waldron, 47 N.Y.2d 297, 303 (1979).

An employee's act is within the scope of employment if "the act was done while the servant was doing his master's work, no matter how irregularly, or with what disregard of instruction." Riviello, 47 N.Y.2d at 302. Given that the allegedly improper acts all occurred

10

within the context of the defendants' prosecution of a civil suit against Lipkin and Shainberg, plaintiffs have not met their burden of showing that the certification was improper. While an employee is not acting within the scope of employment if she "was acting solely for personal motives unrelated to the furtherance of the employer's business," White v. Alkoutayni, 18 A.D.3d 540, 541 (2d Dep't 2005), plaintiffs have provided no evidence that defendants were acting in such a manner. Notably, courts have routinely honored certifications under the FTCA even for intentional tortious conduct as long as the defendants were acting in furtherance of Government business. See, e.g., Asto v. Mirandona, 372 F. Supp. 2d 702, 707 (E.D.N.Y. 2005) (defamatory statements); Marley v. Ibelli, 203 F. Supp. 2d 302, 305, 311 (S.D.N.Y. 2001) (assault, battery, intentional infliction of emotional distress, and tortious interference with contract), aff'd, 52 Fed. Appx. 564 (2d Cir. 2004).

In sum, plaintiffs have not met their burden of showing that the defendants' actions were outside the scope of their employment. Thus, the United States should be substituted as the proper defendant with respect to plaintiffs' claims that sound in tort.

### 2. Whether This Lawsuit May Proceed Under the FTCA

Once the United States is substituted as the defendant, the lawsuit proceeds as if brought under the FTCA and is "subject to the limitations and exceptions applicable" to actions brought under the FTCA. See 28 U.S.C. § 2679(d)(4). Here, plaintiffs run into two bars.

First, plaintiffs claim that Kaufman and Ozaruk engaged in slander, "conspiracy for libel," fraud, perjury, and interference with contract. See Compl. ¶¶ 7-9, 13; Pl. Mem. at 3. The FTCA, however, specifically excludes from its reach "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander,

11

misrepresentation, deceit or interference with contract rights." 28 U.S.C. § 2680(h). Thus, these claims cannot be brought under the FTCA.[2] To the extent plaintiffs make claims of "concealment" and spoliation of evidence, see Compl. ¶¶ 10-11, either these claims cannot be viewed as sounding in tort (in which case there is no waiver of sovereign immunity for the claims) or they fall within the "misrepresentation" or "deceit" exceptions to the FTCA.

Second, even if the plaintiffs' tort claims were not barred under the FTCA's intentional tort exception, they would be barred by the FTCA's requirement that any claim first be presented to the "appropriate Federal agency" and have been "finally denied by the agency in writing." 28 U.S.C. § 2675(a). See, e.g., Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 82 (2d Cir. 2005) ("The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court. This requirement is jurisdictional and cannot be waived.").

The defendants have put forth evidence that the plaintiffs never filed an administrative claim with the SEC. See Def. Mem. at 10; Mackert Dec. In response, the plaintiffs assert that they brought their claims "to the attention of Judge Pohorelsky," who presided over their civil trial; "to the attention [of] Mark Schonfeld, Regional Director of the SEC in New York;" "to the attention of the United States Attorney Generals [sic] Office;" and finally that they "were present at the Securities and Exchange Commission Administrative Law Judge Lillian McEwen April 4, 2006 trial where these complaints was [sic] further extensively discussed." Pl. Mem. at 2.

---

[2]Edelman v. Fed. Hous. Admin., 382 F.2d 594, 597 (2d Cir 1967), makes clear that suits for fraud are barred under the FTCA by virtue of the exclusion for suits arising out of "misrepresentation." Accord Gildor v. United States Postal Serv., 376 F. Supp. 2d 284, 289 (N.D.N.Y. 2005), aff'd in relevant part,179 Fed. Appx. 756, 758-59 (2d Cir. 2006).

12

Plaintiffs make no assertion, however, that they presented a claim to the SEC that demanded a "sum certain." Johnson v. Smithsonian Inst., 189 F.3d 180, 190 (2d Cir. 1999) (plaintiffs' submission to agency did not contain a "claim for a sum certain and therefore did not constitute the filing of a formal administrative claim for FTCA purposes"); 28 C.F.R. § 14.2(a) (requiring presentation of "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain . . . ."). Such a presentation is critical to fulfill the requirement that the notice of claim "provide enough information to permit the agency to conduct an investigation and to estimate the claim's worth." Romulus v. United States, 160 F.3d 131, 132 (2d Cir. 1998). Where, as here, a plaintiff fails to file a proper administrative claim before bringing suit, any FTCA claim must be dismissed for lack of subject matter jurisdiction. See, e.g., In re Agent Orange Prod. Liab. Litig., 818 F.2d 210, 214 (2d Cir. 1987), 484 U.S. 1004 (1988); accord Donahue v. U.S. Transp. Sec. Admin., 2006 WL 3040763, at *3 (E.D.N.Y. October 23, 2006) (citing cases).

## C. Defendants Sued In Their Individual Capacities

To the extent plaintiffs' complaint may be read as asserting constitutional claims against Kaufman and Ozaruk, the FTCA provides no avenue of relief. See 28 U.S.C. § 2679(b)(2)(A) (barring claims arising under the Constitution). Instead, plaintiffs' remedy would be a suit against these defendants in their individual capacities pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). "The doctrine announced in Bivens permits individuals to recover money damages from federal actors who have deprived them of Constitutional rights." King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999) (internal citations omitted). In addition, because defendants are entitled at a minimum to qualified

13

immunity from suit, plaintiffs could only recover if the rights at issue were "clearly established" at the time of the alleged constitutional violations. See, e.g., Groh v. Ramirez, 540 U.S. 551, 563 (2004).

Taking all the facts in plaintiffs' complaint as true, they have not alleged that Kaufman and Ozaruk violated any constitutional provision. Their allegations might suggest that the defendants' actions resulted in their being deprived of a property or liberty interest as a result of the trial in the Eastern District of New York or in the proceeding before the SEC. But no procedural due process right would be implicated because a due process claim alleging "random and unauthorized" acts is available only where there is no potential post-deprivation remedy. See, e.g., Hudson v. Palmer, 468 U.S. 517, 530-36 (1984); see also Plumer v. State of Md., 915 F.2d 927, 932 (4th Cir.1990) (availability of appeal bars constitutional claim regarding conduct of administrative hearing); Holloway v. Walker, 784 F.2d 1287, 1292 (5th Cir.1986) (same as to conduct of state court action). Here, of course, plaintiffs had the remedy of making an application to the trial court regarding any claimed misconduct relating to the trial or raising such claims on appeal.

To the extent the complaint could be construed as alleging that Kaufman and Ozaruk committed non-constitutional torts – such as slander or tortious interference with contract – those claims are barred for the reasons stated in section III.B above.

Conclusion

For the foregoing reasons, the defendants' motion to dismiss should be granted.

## PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

14

Procedure, the parties have ten (10) days from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (e). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Richard J. Holwell, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Holwell. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985).

Dated: November 13, 2006
    New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies sent to:

Michael Lipkin
26 Kinglet Road
Marlboro, NJ 07746

Joshua Shainberg
385 Grand Street
New York, NY 10002

Pierre G. Armand
Assistant United States Attorney
86 Chambers Street
New York, NY 10007

Hon. Richard J. Holwell
United States District Judge

15

Procedure, the parties have ten (10) days from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (e). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Richard J. Holwell, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Holwell. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985).

Dated: November 9, 2006
      New York, New York

                               GABRIEL W. GORENSTEIN
                               United States Magistrate Judge

Copies sent to:

Michael Lipkin
26 Kinglet Road
Marlboro, NJ 07746

Joshua Shainberg
385 Grand Street
New York, NY 10002

Pierre G. Armand
Assistant United States Attorney
86 Chambers Street
New York, NY 10007

Hon. Richard J. Holwell
United States District Judge

15